IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MUSTAFA KHALAF** <br> 16801 N 49th Apt 247 <br> Scottsdale, AZ 85254 <br><br> **PLAINTIFF,** <br><br> V. <br><br> **U.S. CUSTOMS AND BORDER PROTECTION** <br> 1300 Pennsylvania Ave, NW <br> Washington, D.C. 20229 <br><br> **DEFENDANT.** | CIV ACTION NO.: 1:25-CV-01134 <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT |

## INTRODUCTION

Plaintiff Mustafa Khalaf submitted a FOIA request to Defendant Customs and Border Protection ("CBP") on March 21, 2025, for records concerning his travel history. Defendant CBP has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331.

2. This Court has jurisdiction to grant declaratory and further proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201-2202

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

## PARTIES

4. Plaintiff MUSTAFA KHALAF is a lawful permanent resident of the United States who resides in Scottsdale, Arizona.

5. Defendant CUSTOMS AND BORDER PROTECTION ("CBP") is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

6. Among other duties, Defendant CBP is responsible for inspecting individuals seeking entry to the United States, including lawful permanent residents such as Plaintiff.

7. Defendant CBP has responsive records in its possession, custody and control, and is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

8. Plaintiff Mustafa Khalaf is a lawful permanent resident of the United States.

9. Desiring to apply for naturalization, Plaintiff Khalaf seeks to obtain his travel history from CBP so that he could accurately provide dates of any international travel on his USCIS form N-400.

10. Failure to provide such travel history is grounds for Plaintiff's naturalization application to be denied.

11. Through his attorney, Plaintiff Khalaf filed a request for information under the Freedom of Information Act ("FOIA") with CBP on March 21, 2025.

12. Plaintiff's FOIA request seeks *only* a list of Plaintiff's entries to and exits from

the United States since May 1, 2022.  See **Exhibit A**.

13. CBP assigned the FOIA request control number CBP-FO-2025-088868 and assigned it to the "simple" FOIA track.

14. Defendant CBP has not sent Plaintiff Khalaf or his attorney any acknowledgement letter describing how they would handle his request or when they intended to respond.

15. To date, Defendant CBP has failed to respond to the FOIA request.

16. Under FOIA, an agency is required to make an initial determination with regard to a FOIA request within twenty business days of its receipt.  See 5 U.S.C. § 552(a)(6)(A)(i).

17. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days.  5 U.S.C. § 552(a)(6)(B)(i).

18. Under FOIA, a person making a request is deemed to have exhausted her administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute.  5 U.S.C. § 552(a)(6)(C)(i).

19. Defendant CBP thus far has failed to produce any responsive agency records to Plaintiff and the statutory period for an agency response has expired.  Defendant has further failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

## CAUSES OF ACTION

**COUNT ONE – Violation of Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond within the Time Required**

20. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth

herein.

21.     Within 20 days (excluding Saturdays, Sundays, and legal public holidays), after receiving a FOIA Request, Defendant CBP is required under 5 U.S.C. § 552(a)(6)(A)(i) to determine whether to comply with the request and to notify the Plaintiff of its determination and the reasons therefor, and of his rights to appeal any adverse determination administratively.

22.     Defendant's failure to respond within the statutory time limit violates 5 U.S.C. § 552(a)(6)(A), as well as the regulations promulgated thereunder.

### COUNT TWO – Violation of Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search

23.     Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

24.     Defendant has violated its obligation under FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request.  5 U.S.C. § 552(a)(3)(C).

### COUNT THREE – Violation of the Freedom of Information Act, 5 U.S.C. § 552; Wrongful Withholding of Records

25.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26.     Defendant is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request, and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

27.     Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Plaintiff's FOIA request.

28.     Plaintiff has a legal right to obtain such records, and no legal basis exists for

Defendant's failure to disclose them.

29. Defendant's failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 USC § 552(a).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, and that the Court:

a. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

b. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's request violates FOIA, 5 USC §§ 552(a)(6)(A)(i) and (B);

c. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Requst in accordance with 5 U.S.C. § 552(a)(3)(C);

d. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

e. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

f. Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 USC § 552(a)(4)(E) and

g. Grant all other such relief to the Plaintiff as the Court deems just and equitable.

Respectfully submitted,

/s/ *Jennifer Nimer*
JENNIFER NIMER (OH0004)
NIMER LAW LLC
6500 Emerald Pkwy, Suite 100

Dublin, OH 43016
Tel: 614-927-0270
Fax: 614-927-0550
jnimer@nimerlaw.com

*Attorney for Plaintiff*
